IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MILES Y. MATSUMURA and VALERIE A. MATSUMURA, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA, N.A.; and DOES 1-50. <br><br> Defendants. <br> _____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   CIV. NO. 11-00608 JMS-BMK <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS, AND GRANTING LEAVE TO AMEND |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS, AND GRANTING LEAVE TO AMEND

## I. INTRODUCTION

This action arises from (1) a September 11, 2007 mortgage refinancing transaction in which Plaintiffs Miles and Valerie Matsumura (collectively, "Plaintiffs" or "the Matsumuras") borrowed $479,000 from Defendant Bank of America, N.A., ("BANA"), secured by a promissory note and mortgage on real property located at 3350 Keanu Street, Honolulu, Hawaii 96816 (the "subject property"); and (2) subsequent non-judicial foreclosure proceedings (which were not completed) after Plaintiffs sought to modify their loan.

Plaintiffs filed this action against BANA on August 31, 2011 in the

Circuit Court of the First Circuit, State of Hawaii, asserting violations of the Truth

in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., and related state laws.  BANA

removed the action to this court on October 11, 2011, and filed its Motion to

Dismiss soon thereafter, on October 17, 2011.  Based on the following, the court

GRANTS the Motion in PART and DENIES it in PART, and GRANTS leave to

file an Amended Complaint in accordance with this Order.

## II.  BACKGROUND

### A.    Factual Background

The Complaint alleges the following relevant facts, which the court

assumes are true for purposes of this Motion.  *See, e.g.*, *Savage v. Glendale Union

High Sch.*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).

Plaintiffs, husband and wife, are "seniors."[1]  Compl. ¶ 3.  Plaintiffs

own the subject property, and live in it as their principal dwelling.  *Id.* ¶ 6.  On

September 11, 2007, they refinanced the mortgage on the subject property for

$479,000 with BANA as lender and mortgagee.  *Id.* ¶ 7 & Ex. 1.  They discovered

in 2010, after consulting legal counsel, that "they did not each receive at closing

---

[1]  The Complaint asserts violations of Hawaii Revised Statutes ("HRS") § 480-13.5, regarding consumer frauds committed against "elders."  An "elder" is defined as "a consumer who is sixty-two years of age or older," *id.*, and thus the court construes the Complaint as asserting that Plaintiffs are "elders" for purposes of HRS Ch. 480.

two accurate and complete requisite TILA notices of the right to cancel" but rather received "only one blank-dated copy as set forth in Exhibit 5." *Id.* ¶ 12.  They also allegedly did not receive "accurate and complete good faith estimates or complete TILA disclosures." *Id.*

Meanwhile, in April 2009, Plaintiffs had "contacted [BANA] seeking a loan modification." *Id.* ¶ 8.  They "were told that they were eligible for a loan modification, but that they must stop paying their mortgage to secure a loan modification." *Id.*  "[A]s a result thereof and in reliance thereon they stopped paying their mortgage." *Id.*  The Complaint also references "a partial summary of the extraordinary mistreatment that the Matsumuras received from [BANA] as they responded to promises of a sizable loan modification." *Id.* ¶ 11 (referring to Exhibit 4 of the Complaint).[2]  In turn, Exhibit 4 alleges that in August 2009, Plaintiffs "[c]ontacted [BANA] to apply for [a] loan modification [and were] told to expect documentation in the mail to complete and return for review." *Id.* Ex. 4. Plaintiffs were "[i]nformed that this process takes at least 6 months - sometimes longer - to complete [and were] [a]ssured that when loan is in modification process

---

[2]  Exhibit 4 is a compilation of allegations in time-line format.  Because the Complaint attaches and references Exhibit 4 as a "summary" of allegations, the court will construe the Complaint as if Exhibit 4's allegations are in the Complaint itself.  *See Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997) (stating that although "a district court generally may not consider any material beyond the pleadings" in ruling on a motion to dismiss, "material which is properly submitted *as part of the complaint* [in an exhibit] may be considered").

- account is put on hold and will not be sent for foreclosure." *Id.*  In January,

February, and March 2010, Plaintiffs contacted BANA and all three times were

told that "loan modification was still in review." *Id.*

      In April 2010, Plaintiffs were served with a Notice of Mortgagee's

Intention to Foreclose Under Power of Sale.  Compl. ¶ 9 & Ex. 3.  This Notice

indicated the non-judicial foreclosure auction was to occur on June 7, 2010.  *Id.*

Plaintiffs told a BANA employee they were "shocked" to receive this foreclosure

notice, Compl. Ex. 4 at 1, and the employee apparently then told them that their

application for loan modification had been denied in January 2010.  *Id.*  After

many phone calls between Plaintiffs and BANA representatives throughout May

and June 2010, Plaintiffs eventually paid approximately $56,000 to bring their loan

current.  Compl. ¶ 10 & Ex. 4 at 4.  As a result, however, they were charged

"excessive interest and late penalties, foreclosure costs, and attorneys' fees."

Compl. ¶ 10.[3]

      On August 31, 2010, Plaintiffs' counsel sent a letter to BANA

notifying it that Plaintiffs were "exercis[ing] their right to cancel" the September

11, 2007 refinancing transaction because of, among other allegations, "numerous

---

[3]  The Complaint contains no allegations as to the current status of the loan nor to any other foreclosure matters, and it thus appears that the loan remains current with no foreclosure proceedings pending.

[TILA] violations." *Id.* ¶ 13; Ex. 6.  BANA "has continued to refuse to recognize"

Plaintiffs' cancellation.  *Id.* ¶ 14.  Plaintiffs filed this suit a year later, on August

31, 2011.  Doc. No. 1, Ex. 1.

**B.     Procedural Background**

The Complaint alleges four counts entitled: "Wrongful Foreclosure"

(Count One); "TILA Rescission" (Count Two); "Promissory Estoppel" (Count

Three); and (4) "Chapter 480 Unfair and Deceptive Acts and Practices" (Count

Four).  Compl. at 4-6.  Plaintiffs seek damages that resulted from the past

uncompleted foreclosure proceedings, and rescission of the 2007 mortgage

transaction.

BANA filed its Motion to Dismiss on October 17, 2011.  Doc. No. 5.

Plaintiffs filed their Opposition on January 3, 2012, and BANA filed its Reply on

January 9, 2012.  Doc. Nos. 12 & 13.  The Motion was heard on January 25, 2012.

### III.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss

a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions."  *Iqbal*, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr*, 652 F.3d at 1216.  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8.  *Iqbal*, 129 S. Ct. at 1950.

6

# IV.  DISCUSSION

BANA moves to dismiss all Counts of the Complaint.  The court addresses each Count in turn.

## A.    Count One -- "Wrongful Foreclosure"

Count One alleges that BANA "induced the [Plaintiffs] . . . to stop paying their mortgage upon the promise that they would then be eligible for a sizable loan modification," Compl. ¶ 16, but then "during the loan modification review process [BANA] proceeded with a nonjudicial foreclosure of their residence."  *Id.*  As a result, Plaintiffs "had to pay excessive fees and costs to reinstate their mortgage loan."  *Id.*  They seek actual and punitive damages, fees, and costs for "wrongful foreclosure."

Initially, Plaintiffs have not identified any procedural errors in the foreclosure process itself that would make the foreclosure "wrongful."  *See Doran v. Wells Fargo Bank*, 2011 WL 5239738, at *9 (D. Haw. Oct. 31, 2011) (indicating that a "wrongful foreclosure" claim failed under Hawaii law because the notice of foreclosure was procedurally proper under HRS Ch. 667, and "the loan modification process did not invalidate the notice because an oral promise of a future loan modification does not supercede a mortgagee's right to sell").  Moreover, although Hawaii has not specifically recognized a common law

wrongful foreclosure cause of action, "[s]ubstantive wrongful foreclosure claims [in other jurisdictions] typically are available after foreclosure and are premised on allegations that the borrower was not in default, or on procedural issues that resulted in damages to the borrower." *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1043 (9th Cir. 2011).  Here, although foreclosure proceedings had begun, there was no actual foreclosure.  Further, Plaintiffs allege that they had not made payments (albeit on reliance on alleged promises from BANA) on their loan for a year, and so "Plaintiffs' wrongful foreclosure claim is not premised on the allegation that they were not in default." *Doran*, 2011 WL 5239738, at *9.

In any event, at the hearing on this matter, Plaintiffs' counsel agreed that the Complaint as drafted failed to state a claim for "wrongful foreclosure," but he asserted that it was possible to amend the Complaint to state a plausible claim or claims under different theories such as fraud, breach of contract, or misrepresentation.  The court indicated that it would allow Plaintiffs to file an Amended Complaint to attempt to assert such a claim or claims.  Accordingly, the Court GRANTS the Motion to Dismiss as to Count One, with leave to amend.

///

///

**B.    Count Two -- TILA Rescission**

BANA next argues that Count Two, which seeks rescission of the loan transaction under TILA, is time-barred.  The court agrees.

Count Two invokes 15 U.S.C. §§ 1635(a) & 1635(f).  Section 1635(a) provides a right to rescind a loan transaction "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing [the required material disclosures.]"  Under § 1635(f), however, if the required disclosures are not provided, the right to rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]"  *Id.*[4]  Section 1635(f) is an absolute statute of repose barring "any [TILA rescission] claims filed more than three years after the consummation of the transaction."  *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986)).  That is, the three-year period is not subject to equitable tolling.  *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (stating that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," even if a lender failed to make the required disclosures).

---

[4]  A transaction is "consummated" when a consumer becomes contractually obligated. *See Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989) (citing 12 C.F.R. § 226.2(a)(13)).

Plaintiffs seek to rescind a September 11, 2007 loan transaction, but did not file this TILA action until August 31, 2011 -- nearly four years later. Given that equitable tolling cannot apply, BANA seeks dismissal of Count Two with prejudice.

Plaintiffs, however, argue that their claim is not time-barred because they attempted to rescind the transaction by their cancellation letter of August 31, 2010. They contend that once they exercised their right to rescind (within the three-year period) and BANA refused, they had an additional year within which to file suit. *See* 15 U.S.C. § 1640(e) ("Any action under this section may be brought . . . within one year from the date of the occurrence of the violation[.]"). Because they filed this action a year later, Plaintiffs contend this claim is timely.

When this Motion was argued, there was "a significant split among district courts that have addressed the question whether § 1635(f) is a limitation on the time for a borrower to invoke his right to rescission with the lender or on a borrower's right to bring a lawsuit to enforce that right." *Barnes v. Chase Home Fin., LLC.*, --- F. Supp. 2d ----, 2011 WL 4950111, at *7 (D. Or. Oct. 18, 2011). The majority view required suit to be filed within three years of consummation of the loan. *Id.* at *8. *See*, *e.g.*, *Geraghty v. BAC Home Loans Servicing, LP*, 2011 WL 3920248, at *3 (D. Minn. Sept. 7, 2011) (citing cases). The minority approach

only required an exercise of a right to rescind within the period, rather than a lawsuit to enforce that right. *Barnes*, 2011 WL 4950111, at *8. And, at the time of argument, the Ninth Circuit had not addressed the issue. *Id.* at *7.

Since the hearing, however, the Ninth Circuit has spoken. *See McOmie-Gray v. Bank of Am. Home Loans*, --- F.3d ----, 2012 WL 390167 (9th Cir. Feb. 8, 2012). *McOmie-Gray* addressed the precise issue now before this court and held that "15 U.S.C. § 1635(f) is a three-year statute of repose, requiring dismissal of a claim for rescission brought more than three years after the consummation of the loan . . . regardless of when the borrower sends notice of rescission." *Id.* at *1.

As did the Matsumuras, the plaintiff in *McOmie-Gray* had attempted to rescind by sending a notice from her attorney within a three-year period from the date of the loan, *id.* at 1359, but did not file suit seeking rescission under § 1635(a) until after the period expired. *McOmie-Gray* recognized that the "minority view" was inconsistent with *Beach*, 523 U.S. at 412 and *Miguel*, 309 F.3d at 1164. Rather, § 1635(f) is "not merely a statute of limitations -- it completely extinguishes the underlying right itself." *McOmie-Gray*, 2012 WL 390167, at *4. It concluded that the suit seeking rescission was untimely. *Id.* at 1364. *McOmie-Gray* is indistinguishable from the present action -- and so Count

11

Two, seeking rescission under TILA, is untimely.  Accordingly, Count Two is

DISMISSED with prejudice.

The court, however, GRANTS Plaintiffs leave to amend to file a

TILA claim for *damages* under 15 U.S.C. § 1640(a) based upon the allegedly

wrongful refusal to rescind the transaction after BANA received the August 31,

2010 notice of cancellation.  Plaintiffs may not, however, reassert a claim for

rescission under TILA.

## C.      Count Three -- Promissory Estoppel

BANA next argues that Count Three seeking relief for "promissory

estoppel" fails to state a claim.

Under Hawaii law, Plaintiff must establish the following four

elements to state a claim for promissory estoppel:

> (1) There must be a promise;
> (2) The promisor must, at the time he or she made the
> promise, foresee that the promisee would rely upon the
> promise (foreseeability);
> (3) The promisee does in fact rely upon the promisor's
> promise; and
> (4) Enforcement of the promise is necessary to avoid
> injustice.

*White v. Pac. Media Grp., Inc.*, 322 F. Supp. 2d 1101, 1109 (D. Haw. 2004)

(quoting *In re Herrick*, 82 Haw. 329, 337-38, 922 P.2d 942, 950-51 (1996)).  In

this context, "[a] 'promise' is defined as 'a manifestation of intention to act or

refrain from acting in a specified way, so made as to justify a promisee in

understanding that a commitment has been made.'"  *In re Herrick*, 82 Haw. at 338,

922 P.2d at 951 (quoting Restatement (Second) of Contracts § 2(1) (1979)).

> Count Three alleges, in pertinent part:
>
> The Matsumuras relied in good faith upon the loan
> modification promises of [BANA] . . . to their detriment,
> with the full knowledge of [BANA] that they would do
> so . . . such that, in the event that any elements essential
> to the making of a contract may be found to be absent
> herein, [BANA] is estopped from asserting or denying
> same[.]

Compl. ¶ 19.  Elsewhere, the Complaint alleges Plaintiffs "were told [by BANA]

that they were eligible for a loan modification, but that they must stop paying their

mortgage to secure a loan modification [and] as a result thereof and in reliance

thereon they stopped paying their mortgage."  *Id.* ¶ 8.  It further references Exhibit

4, which in turn summarizes "the mistreatment the Matsumuras received from

[BANA] as they responded to promises of a sizeable loan modification."  *Id.* ¶ 11.

Although not clear,[5] the Complaint sufficiently alleges facts that -- if

proven -- would support a plausible claim of promissory estoppel.  The Complaint

---

[5]  In particular, it is not helpful to allege (by reference) important facts in a summary
attached as an Exhibit to the Complaint, without also including the key allegations in the text of
the Complaint.  If an Amended Complaint is filed in accordance with this Order, Plaintiffs are
free to revise Count Three as well so as to clarify their allegations of the elements of a
promissory estoppel claim.

alleges a "promise" (that Plaintiffs would qualify for "a sizable loan modification" and that, in order to apply for the modification, "the loan must be between 4-6 months delinquent").  Compl. Ex. 4, at 1.  Plaintiffs allege that they were "[a]ssured that when [a] loan is in [the] modification process [the] account is put on hold and will not be sent for foreclosure."  *Id.*  The Complaint also alleges circumstances indicating it was foreseeable that they would rely on alleged promises, and that they did rely to their detriment.  *See In re Herrick*, 82 Haw. at 337-38, 922 P.2d at 950-51.[6]

        Accordingly, BANA's Motion to Dismiss is DENIED as to Count Three.

**D.**      **Count Four -- Chapter 480 Unfair and Deceptive Acts and Practices**

        Finally, Plaintiffs allege that BANA's actions "constituted unfair and deceptive acts and practices against consumers and seniors . . . entitling them to rescission as against [BANA] . . . pursuant to [HRS] Section 480-12 and to actual and treble damages against [BANA], including attorneys' fees and costs . . . pursuant to Section 480-13 and Section 480-13.5[.]"

        In this regard, Plaintiffs' counsel agreed at the hearing that Count

---

[6] It is premature, at this Motion to Dismiss stage, to determine as an equitable matter whether enforcement "is necessary to avoid injustice."  *In re Herrick*, 82 Haw. 329, 338, 922 P.2d 942, 951 (1996).

Four fails to state a claim for rescission under HRS § 480-12.  Section 480-12

provides that "[a]ny contract or agreement in violation of this chapter is void and is

not enforceable at law or in equity."  But, in this context, to render the mortgage

and note "void" under § 480-12, a plaintiff must prove, among other things, that

the violations were committed "in the loan consummation process."  *Skaggs v.*

*HSBC Bank USA, N.A.*, 2011 WL 3861373, at *7 (D. Haw. Aug. 31, 2011).

Plaintiffs do not allege any actionable violations of Chapter 480 that occurred

during consummation of the September 11, 2007 loan that would render the

mortgage and note void under § 480-12.[7]  To that extent, Count Four fails to state a

claim.  Further, it is unclear whether Plaintiffs seek damages as a separate theory

(aside from rescission) under §§ 480-13 & 13.5.  If so, they may attempt to do so in

an Amended Complaint.

　　　　Accordingly, Count Four is DISMISSED with leave to amend for

Plaintiffs to clarify if they are making a distinct claim for damages under HRS Ch.

480.

---

[7] Any claims under HRS Ch. 480 based upon violations of TILA (*e.g.*, failure to provide sufficient copies of right-to-cancel forms) are barred.  *See, e.g.*, *Kajitani v. Downey Sav. & Loan Ass'n*, 647 F. Supp. 2d 1208, 1220 (D. Haw. 2008) (holding that TILA preempts a claim under HRS Ch. 480, where both are based on a lender's actions and representations in originating the loan).

**E.     Leave to Amend**

Counts One, Two, and Four are dismissed, as explained above. Plaintiffs, however, are GRANTED leave to file an Amended Complaint as to Counts One (for violations of state law, aside from "wrongful foreclosure"), Two (for TILA damages under 15 U.S.C. 1640(a)), and Four (for damages under HRS Ch. 480). They may not, however, allege claims for rescission under either TILA or HRS § 480-12. An Amended Complaint may be filed by **March 12, 2012**. If no Amended Complaint is filed by that date, the action will proceed on Count Three only.

Plaintiffs are reminded that an Amended Complaint supersedes the prior version of the Complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). That is, after amendment, the court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint (such as Count Three) is waived if it is not raised again in the Amended Complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

///

///

///

16

## V.  **CONCLUSION**

Defendant Bank of America, N.A.'s Motion to Dismiss is GRANTED

in PART and DENIED in PART.  Counts One, Two, and Four are DISMISSED

with Leave to Amend.  Count Three remains.  Plaintiffs may file an Amended

Complaint in accordance with this Order by **March 12, 2012**.  If no Amended

Complaint is filed, the action will proceed as to Count Three only.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 10, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Matsumura v. Bank of America, N.A..*, Civ. No. 11-00608 JMS-BMK, Order Granting in Part and Denying in Part Defendant Bank of America, N.A.'s Motion to Dismiss, and Granting Leave to Amend